IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| DR. AMANDA TUCKER,<br><br>　　　　Appellant, | Case No. 22-cv-00340-DKW-RT<br><br>**ORDER INSTRUCTING APPELLANT DR. AMANDA TUCKER TO PROVIDE CLARIFICATION**[1] |

Dr. Amanda Tucker moves for leave to proceed without prepaying fees or costs in this case pursuant to 28 U.S.C. Section 1915(a) ("IFP Application"). Dkt. No. 2.

In reviewing an IFP Application, such as the one filed by Tucker, the Court subjects the underlying action to mandatory screening pursuant to Section 1915. 28 U.S.C. § 1915(e)(2)(B). In doing so here, the Court notes at least one fundamental concern with this proceeding in its current posture. Apart from the IFP Application, the only other document Tucker has filed in this case is a "Request for Judicial Review of Bankruptcy Court Rulings Under F.R.B.P. 8018.1" (Request for Judicial Review). Dkt. No. 1. Liberally construing

---

[1] Pursuant to Local Rule 7.1(c), the Court finds this matter suitable for disposition without a hearing.

Tucker's pro se filing, *see Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), she appears to rely upon Federal Rule of Bankruptcy Procedure 8018.1 (Rule 8018.1) as the basis for bringing this case. Rule 8018.1 provides as follows: "If, on appeal, a district court determines that the bankruptcy court did not have the power under Article III of the Constitution to enter the judgment, order, or decree appealed from, the district court may treat it as proposed findings of fact and conclusions of law." For present purposes, the operative words in the just mentioned language are: "on appeal…." This is because, at this point, including in her "Request for Judicial Review", Tucker does not identify the case name, case number, order, opinion, or other matter that she wishes to appeal. Moreover, this case was not initiated by, and does not otherwise contain, a notice of appeal. While the "Request for Judicial Review" could be liberally construed as a notice of appeal, there is no indication that the same has been filed in the bankruptcy court, as required. *See* Fed.R.Bankr.P. 8003(a)(1); 8004(a) (both requiring that appeals of bankruptcy court orders be filed "with the bankruptcy clerk"). Further, although the Bankruptcy Rules permit a district court to transmit to the bankruptcy clerk a "mistakenly" filed notice of appeal, *see* Fed.R.Bankr.P. 8002(a)(4), as noted, here, the Court is unaware of the case name or number that Tucker wishes to

appeal, to the extent that is her desire. Therefore, it is simply not possible for the Court to transmit a notice of appeal of an unknown case.[2]

In this light, Tucker is instructed to inform the Court of the case name and number of the bankruptcy court case to which she refers in the "Request for Judicial Review" (Dkt. No. 1). In addition, she is instructed to identify the specific order or orders from that case that she wishes this Court to review and to identify the legal authority for it to do so, whether it be Rule 8018.1 or otherwise.

**Tucker may have until August 17, 2022 to comply with this Order. Should Tucker fail to file a response as directed in this Order, the Court shall dismiss this case for lack of subject matter jurisdiction.** The Court shall hold the IFP Application in abeyance pending receipt of a response from Tucker consistent with this Order.

IT IS SO ORDERED.

Dated: August 3, 2022 at Honolulu, Hawai'i.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

---

[2] For this same reason, the case caption on the first page of this Order is a placeholder, given that Tucker has not identified an appellee or a defendant in her filings.