IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| DR. AMANDA TUCKER,<br><br>        Appellant, | Case No. 22-cv-00340-DKW-RT<br><br>**ORDER INSTRUCTING APPELLANT DR. AMANDA TUCKER TO COMPLY WITH THE AUGUST 3, 2022 ORDER OF THE COURT** |

After initiating this case pro se with the filing of an application for leave to proceed without prepaying fees or costs (IFP Application) and a "Request for Judicial Review of Bankruptcy Court Rulings Under F.R.B.P. 8018.1" (Request for Judicial Review), on August 3, 2022, the Court instructed Dr. Amanda Tucker to identify (1) the case name and number of the bankruptcy court case to which she referred in the Request for Judicial Review, (2) the specific order or orders from that case that she wished to have reviewed, and (3) the legal authority for this Court to review those orders.  Dkt. No. 3.  The Court forewarned Tucker that failure to file a response as directed would result in dismissal of this case.

On August 17, 2022, Tucker filed a "Request for Judicial Review of Constitutionality of Bankruptcy Court Refusal to Enforce Article III Orders of Another Jurisdiction Under Rule 8018.1 and Review of USTP Fraud on the Court

Under 5 U.S.C. 702", Dkt. No. 4, which, in light of Tucker's pro se status, the Court construes as a response to the August 3, 2022 Order (Response).  Construed as such, at best, the Response concerns only one of the matters set forth above.  Most notably, although the Response is roughly 24 pages in length, not once does Tucker identify the bankruptcy case name or number from which all of her alleged complaints appear to arise.  Tucker also fails to identify any *specific* order of which she seeks review.  Instead, she simply references what appears to be litigation conduct of the U.S. Trustee in an underlying bankruptcy proceeding and an unidentified decision or decisions of the Bankruptcy Court, presumably in the same bankruptcy proceeding.  This does not satisfy the August 3, 2022 Order.[1]

The Response does, though, identify another basis for this Court's legal authority over the case.[2]  Specifically, solely in the caption of the Response, Tucker references "5 U.S.C. § 702" (Section 702).  Section 702 concerns judicial review of final agency actions.  5 U.S.C. §§ 702, 704.  The "courts of the United

---

[1] At the very end of the Response, Tucker also appears to assert that she can submit "under separate cover" the orders of which she complains.  Dkt. No. 4 at 24.  Simply saying that the orders can be submitted, rather than actually submitting them, though, also does not comply with the August 3, 2022 Order.

[2] As in the Request for Judicial Review, in the Response, Tucker again also identifies "Rule 8018.1" as a basis for subject matter jurisdiction here.  As explained in the August 3, 2022 Order, however, Federal Rule of Bankruptcy Procedure 8018.1 only applies in bankruptcy *appeals*.  Dkt. No. 3 at 2-3.  Here, given that Tucker has still not filed a formal notice of appeal or identified any possible bankruptcy case from which she seeks to appeal, Rule 8018.1 is inapplicable.

2

States[,]" however, are not an agency for purposes of Section 702. *Id.* § 701(b)(1)(B). Therefore, Section 702 gives the court no authority to review actions of any U.S. Bankruptcy Court. In addition, even if any of the alleged conduct of the U.S. Trustee could be considered "agency action" for purposes of Section 702, it all involves positions taken in litigation. Such alleged conduct is, therefore, also not reviewable under Section 702. *See id.* § 701(a)(2) (providing that review of agency actions does not extend to action "committed to agency discretion by law."); 28 U.S.C. § 516 (providing that "the conduct of litigation in which the United States, an agency, or officer thereof is a party, or is interested, and securing evidence therefor, is reserved to officers of the Department of Justice, under the direction of the Attorney General."). As a result, Section 702 does not provide the Court with any legal authority here to "review" the matters Tucker proposes.

In summary, therefore, the Response fails to clarify any of the matters Tucker was instructed to clarify in the August 3, 2022 Order. Although Tucker was forewarned that, in such an event, this case would be dismissed, the Court will allow her one, **<u>final</u>** opportunity to provide clarification on the matters outlined in the August 3, 2022 Order. Specifically, in any response to this Order, Tucker must identify (1) the case name and number of the bankruptcy court case to which

she referred in the Request for Judicial Review, (2) the specific order or orders from that case that she wishes to have reviewed, and (3) the legal authority for this Court to review those orders.   In addition to the foregoing, Tucker may attach to any response that she may file copies of the orders that she wishes to have reviewed.

**Tucker may have until September 12, 2022 to comply with this Order. Should Tucker fail to file a response as directed in this Order, the Court shall dismiss this case for lack of subject matter jurisdiction.**   The Court shall again hold the IFP Application in abeyance pending receipt of a response from Tucker consistent with this Order.

IT IS SO ORDERED.

Dated: September 1, 2022 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*Dr. Amanda Tucker*; Civil No. 22-00340 DKW-RT; **ORDER INSTRUCTING APPELLANT DR. AMANDA TUCKER TO COMPLY WITH THE AUGUST 3, 2022 ORDER OF THE COURT**